IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MELANIE JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:09cv93 |
| | § | |
| HARTFORD LIFE AND ACCIDENT | § | |
| INSURANCE COMPANY F/K/A | § | |
| HARTFORD LIFE GROUP INSURANCE | § | |
| COMPANY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Defendant Hartford Life and Accident Insurance Company's Motion to Partially Dismiss Plaintiff's Original Complaint (Dkt. 15). Having reviewed the motion, applicable authorities, and record in this matter, the Court finds that it should be GRANTED in part and DENIED in part.

**BACKGROUND**

This is a case brought under the Employee Retirement Income Security Act of 1974 ("ERISA"). In her complaint, Plaintiff lists four counts (*see* Dkt 1). Count One is a "Claim for Breach of the Plan/Policy Claim" under which Plaintiff seeks benefits under the disability policy. Count Two is a "Claim for Failure to Provide a Full and Fair Review" under which Plaintiff seeks remand of her claim to Hartford to "identify the material necessary to perfect her claim and the reason why such information is necessary...eliminate the conflict of interest and utilize unbiased

record reviewers and...consult with the appropriate vocational professional." Count Three is a "Claim to Enforce Rights Under the Terms of the Plan" under which Plaintiff again seeks to the remand of her claim to Hartford to "identify the material necessary to perfect her claim and the reason why such information is necessary...eliminate the conflict of interest and utilize unbiased record reviewers and...consult with the appropriate vocational professional." Count Four seeks an award of attorney's fees and necessary costs. In its motion, Defendant seeks to dismiss Counts Two and Three.

## MOTION TO DISMISS STANDARD

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In addition, all reasonable inferences are to be drawn in favor of the plaintiff's claims. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Dismissal for failure to state a claim does not require, however, an appearance that, beyond a doubt, the plaintiff can prove ***no set of facts*** in support of claim that would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007). Rather, to survive a 12(b)(6) motion to dismiss, a plaintiff must show, after adequately stating his claim, that it may be supported some set of facts consistent with the allegations in the complaint. *Id.* Dismissal for failure to state a claim is generally disfavored in the Fifth Circuit. *Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 573 (5th Cir. 2001).

#### ANALYSIS

In its motion, Defendant argues that Plaintiff's allegations under Counts Two and Three are not actionable under ERISA. As to Count Two in particular, Defendant argues that Plaintiff's allegations of violations of 29 U.S.C. § 1133, the subsection dealing with the claims procedure under ERISA, are not actionable. The Court agrees that Section 1133 does not provide an independent basis for suit. *See* 28 U.S.C. § 1133 (outlining the requirements for claims procedures for every employee benefit plan under the Act). Further, as to Plaintiff's allegations in Count Two regarding Defendant's failure to provide a full and fair review, the Court notes that the "[f]ailure to fulfill procedural requirements generally does not give rise to a substantive damage remedy." *Hines v. Massachusetts Mut. Life Ins. Co.*, 43 F.3d 207, 211 (5th Cir. 1995). Therefore, to the extent Count Two seeks any separate damage award for the alleged failure to comply with the plan's procedural requirements, the motion to dismiss should be GRANTED.

However, the Court notes that, in addition to citing to the non-actionable section of ERISA, Count Two seeks an award of benefits or some clarification of the plan, relief available under Section 1132(a)(1)(B) – a section which *is* actionable under ERISA. Count Three similarly relies on Section 1132(a)(1)(B) to enforce Plaintiff's rights under the plan. Count One already seeks an award of unpaid benefits pursuant to Section 1132(a)(1)(B). Thus, the first three counts in the complaint rely in whole or in part on Section 1132(a)(1)(B) of the Act.

While neither Defendant's argument nor Plaintiff's response are wholly clear to the Court, the Court finds that, at the very least, Plaintiff's pleading is poorly drafted and requires amendment. Section 1132(a)(1)(B) permits a plan beneficiary, like Plaintiff here, to bring a civil action to (i)

recover benefits due to her under the terms of her plan, (ii) to enforce her rights under the terms of the plan, *or* (iii) to clarify her rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B) (emphasis added). The question before the Court thus becomes whether Plaintiff can seek all forms of relief available to her under Section 1132(a)(1)(B) or whether she is barred as a matter of law from seeking more than one type of relief.

Governing precedent is clear that a plaintiff cannot bring both a claim for benefits under Section 1132(a)(1) and a claim for breach of fiduciary duty under Section 1132(a)(3). *Rhorer v. Raytheon Eng'rs & Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999) ("an ERISA plaintiff may bring a private action for breach of fiduciary duty only when no other remedy is available under 29 U.S.C. § 1132.") (citing *Varity Corp. v. Howe,* 516 U.S. 489, 510-16, 116 S. Ct. 1065, 134 L. Ed.2d 130 (1996)); *Tolson v. Avondale Indus., Inc.,* 141 F.3d 604, 610 (5th Cir. 1998); *Metro. Life Ins. Co. v. Palmer*, 238 F. Supp.2d 826, 830 (E.D. Tex. 2002) ("It is settled law in this circuit that a potential beneficiary may not sue for breach of fiduciary duty if he has a pending claim under section 1132(a)(1)(B) for benefits allegedly owed.").

Here, however, Plaintiff asserts several "counts" under Section 1132(a)(1) and, although it is not clearly pleaded as such, appears to seek them as alternative forms of relief. Indeed, in her response in opposition to the motion to dismiss Plaintiff argues that she seeks the varying forms of relief in the alternative.

While the rule barring certain breach of fiduciary duty claims is compelling, the Court can identify no Fifth Circuit authority to indicate that a plaintiff cannot bring alternative claims for the forms of relief available within Section 1132(a)(1)(B). Without more authority from Defendant as

to the lack of alternative remedies within 1132(a)(1)(B), the Court declines – to the extent Plaintiff seeks them as forms of alternative relief – to dismiss Counts Two and Three in their entirety at this time. It seems to the Court that the three "counts" would be more properly presented, not as three separate causes of action, but rather as separate alternative forms of relief (to the extent they are available) under a single cause of action brought under Section 1132(a)(1)(B).

As noted above, dismissal is disfavored, especially where a plaintiff has stated some facts that would entitled her to relief. The Court finds that Plaintiff has done so here as to Section 1132(a)(1)(B)'s varying forms of relief and is entitled to offer her evidence in support of each, in the alternative. *See, e.g. Barrack v. UNUM Am. Life Ins. Co.*, 409 F. Supp.2d 782, 787 (N.D. Tex. 2006) ("Plaintiff is entitled at the appropriate time to offer evidence of other materials that may have been available to the plan administrator in a manner that gave him or her fair opportunity to consider them at the time of decision. Moreover, Plaintiff correctly requests the opportunity to discover, submit and argue facts for the other limited purposes allowable. Dismissal on the pleadings supplemented by Defendant's documentation alone is inappropriate at this juncture.").

For these reasons, the Court finds that Defendant Hartford Life and Accident Insurance Company's Motion to Partially Dismiss Plaintiff's Original Complaint (Dkt. 15) should be GRANTED in part and DENIED in part. Within five days of the district judge's final disposition of Defendant's motion to dismiss, Plaintiff is directed file an amended complaint in accordance with this report which clarifies the relief sought and specifies whether such relief is to be considered as alternative relief. Defendant's answer, and any further dispositive motions as to that pleading, shall be due in accordance with the rules governing practice before this Court.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 5th day of March, 2009.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE